IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A. as Trustee for $3,160,000 The Medical Clinic Board of the City of Montgomery – 1976 East First Mortgage Revenue Bonds (Oaks Partners Two, LLC Project), Series 2010A and as Trustee for $590,000 The Medical Clinic Board of the City of Montgomery 1976 East First Mortgage Revenue Bonds (Oaks Partners Two, LLC Project), Taxable Series 2010B,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER F. BROGDON, et al.,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.<br>)     2:20cv231-MHT<br>)          (WO)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon recent review of the case, the court became aware that the allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of

citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).[1] The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332; see also 2 *James Wm. Moore, et al., Moore's Federal Practice* § 8.03[5][b] at 8-16 (3d ed. 2006).

The plaintiff's complaint fails to meet this standard in two ways. First, it provides the "residence" rather than the "citizenship" of defendants Christopher F. Brogdon and Connie B. Brogdon. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *See Travaglio v. Am. Exp. Co.*, 735 F.3d

---

1. In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.") (citation omitted); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").[2]

Second, the complaint here is insufficient because it does not properly indicate the citizenship of a party that is a 'limited liability company': Brogdon Family, L.L.C.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  The complaint must therefore allege "the citizenships of all the members

---

2. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. ... And domicile requires both residence in a state and 'an intention to remain there indefinitely....'" *Travaglio*, 735 F.3d 1266, 1269 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257, 1258 (11th Cir. 2002)) (internal citation omitted).

of the limited liability company." *Id.* (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until September 28, 2021, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 14th day of September, 2021.

                                    /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**