IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A. as Trustee for $3,160,000 The Medical Clinic Board of the City of Montgomery - 1976 East First Mortgage Revenue Bonds (Oaks Partners Two, LLC Project), Series 2010A and as Trustee for $590,000 The Medical Clinic Board of the City of Montgomery 1976 East First Mortgage Revenue Bonds (Oaks Partners Two, LLC Project), Taxable Series 2010B,<br><br>　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER F. BROGDON, CONNIE B. BROGDON, and BROGDON FAMILY, L.L.C.,<br><br>　　Defendants. | CIVIL ACTION<br><br>NO. 2:20-cv-231-MHT<br>(WO) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on October 13, 2021, wherein the following proceedings were held and actions taken:

　　1.　　**PARTIES AND TRIAL COUNSEL:**

For the Plaintiff:

John D. Elrod
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
Telephone: 678-553-2259
Fax: 678-553-2212
elrodj@gtlaw.com

For the Defendant:

Clifton E. Slaten
SLATEN LAW, P.C.
7027 Halcyon Park Drive
Montgomery, Alabama 36117
(334) 396-8882 (P)
(334) 398-8880 (F)
cslaten@slatenlaw.com

### COUNSEL APPEARING AT PRETRIAL HEARING:

For the Plaintiff:

John D. Elrod
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
Telephone: 678-553-2259
Fax: 678-553-2212
elrodj@gtlaw.com

For the Defendant:

Clifton E. Slaten
SLATEN LAW, P.C.
7027 Halcyon Park Drive
Montgomery, Alabama 36117
(334) 396-8882 (P)
(334) 398-8880 (F)
cslaten@slatenlaw.com

2. **JURISDICTION AND VENUE:**

The parties agree that the Court has subject matter jurisdiction over this case, personal jurisdiction over the Defendants, and that venue is proper in this District.

3. **PLEADINGS:**  The following pleadings and amendments were allowed:

   a. The Plaintiff's Amended Complaint [Docket No. 52]

        b.   The Defendants' Answer to Amended Complaint [Docket No. 53]

4.     **<u>CONTENTIONS OF THE PARTIES:</u>**

    **(a) The Plaintiff has the following contentions:**

The Plaintiff is the indenture trustee for the Bonds pursuant to the Indenture dated May 1, 2010 between The Medical Clinic Board of the City of Montgomery 1976 East (the "Board") and the Trustee. The proceeds from the sale of the Bonds were used for, among other things: (i) financing the costs of acquiring a 96-unit assisted living facility in Montgomery County, Alabama (the "Facility") and (ii) making certain repairs and improvements to, and other rehabilitation of, the Facility.

The Board leased the Facility to Oaks Partners Two, LLC ("Oaks Partners") pursuant to that certain Lease Agreement dated as of May 1, 2010 (the "Lease"), under which Oaks Partners was required to make all payments directly to the Trustee in such as amounts as will enable the Trustee to pay, when due, the principal of, premium if any, and interest on, the Bonds. The Defendants jointly and severally guaranteed all obligations of Oaks Partners under the Lease (the "Guaranty").

Oaks Partners and the Defendants defaulted under the terms of the Lease and Guaranty. Furthermore, the Defendants and various entities owned or controlled by them, including Oaks Partners, were defendants in a proceeding initiated by the United States Securities and Exchange Commission (the "SEC"), which was filed in the U.S. District Court for the District of New Jersey, Case No. 15-8173 (the "New Jersey Litigation"). In that proceeding, the SEC alleged that Mr. Brogdon was running a Ponzi scheme.

In the New Jersey Litigation, the New Jersey Court ultimately appointed a monitor. The Facility was sold as a part of the monitorship, with the net proceeds going to the Trustee.

However, the sale proceeds were lower than the debt outstanding under the Bonds, and a significant deficiency remains.

In December 2017, with the approval of the Trustee, the Facility was sold to a third-party purchaser. The sale of the Facility closed on December 7, 2017, and the Trustee received the proceeds of the sale, net of the closing costs, in the amount of $1,711,120.91. In connection with the sale of the Facility, the Defendants executed that certain First Amendment to Guaranty Agreement dated December 8, 2017, in which, among other things, the Defendants reaffirmed the bond indebtedness and waived any rights of offset, defenses, or counterclaims.

After deducting the outstanding fees and expenses of the Trustee and its counsel, the remaining balance was $1,664,298.22 as of December 27, 2017. After that date, interest accrues at the rate of 8.5% per annum, resulting in a per diem accrual of $387.58.

As of March 25, 2020, the total amount owing was $1,981,726.24, consisting of principal of $1,664,298.22 and interest of $317,428.02. Additional interest, fees, costs and charges continue to accrue under the Bond Documents from March 25, 2020 forward.

Despite demand by the Plaintiff, the Defendants have failed to pay the amounts owing under the Indenture and Guaranty, as amended. Accordingly, the Defendants have breached the Indenture and Guaranty, as amended.

**(b) The Defendants have the following contentions:**

It is an undisputed fact that the Guaranty at issue in this case is governed by Georgia law. In the case of McGhee v. Johnson, 268 Ga. 731, 492 S.E.2d 893 (1997), the Georgia Supreme Court set forth Georgia law pertaining to the doctrine of laches. In that case the Georgia Supreme Court said that:

> Laches is "peculiarly a factual defense, the resolution of which will rest in the sound discretion of the trial judge,

4

>sitting as a chancellor in equity, and without the intervention of a jury. [Cit.]" <u>Beaulieu of America, Inc. v L.T. Dennard & Co., Inc.</u>, 253 Ga. 21-22(1), 315 S.E.2d 889 (1984). In determining the viability of a laches defense, a trial court should consider the length of the delay, the sufficiency of the excuse, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the plaintiff or defendant possessed the property during the delay. The defendant must show prejudice from the delay.

All of the elements required by <u>McGhee v. Johnson</u>, <u>supra</u>, are satisfied in this case.

Plaintiff failed to bring its claim within the time required by the renewal statute of the State of Georgia.

Plaintiff failed to bring its claim within applicable statutes of limitations under Ala. Code §6-2-38, 6-5-502 and other applicable statutes of limitations.

Plaintiff failed to confirm the foreclosure sale.

Plaintiff failed to bring its claim within the applicable renewal requirements of the State of Alabama.

There has been on accord and satisfaction between and among the parties in this case.

5. **<u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:**

The parties stipulate to the authenticity and admissibility of the bond documents.

The parties are discussing the defendants' documents.

**\*\*\***

It is ORDERED that:

(1) The non-jury trial of this cause, which is to last one day, is set for December 6, 2021, at 10:00 a.m., <u>by videoconference</u> by agreement of the parties,

with the courtroom deputy to make appropriate arrangements;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) The plaintiff is are required to file proposed findings of fact and conclusions of law by November 8, 2021; the defendants are required to file proposed findings of fact and conclusions of law by November 12, 2021; the parties are also directed to email their proposed findings of fact and conclusions of law to the court's proposed-order box, propord_thompson@almd.uscourts.gov, in Word format by the dates specified above;

(4) The parties in this case are not required to file trial briefs.  However, if they wish to do so, their trial briefs shall be filed no later than November 19, 2021;

6

(5) Five business days before trial, each side shall email to the court's proposed-order box, propord_thompson@almd.uscourts.gov, its list of exhibits and copies of each photostatically reproducible exhibit;

(6) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 17) entered by the court on August 28, 2020, as amended; and

(7) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 14th day of October, 2021.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**